1  Victor A. Sahn (CA Bar No. 97299)
       vsahn@sulmeyerlaw.com
2  **Sulmeyer**Kupetz
   A Professional Corporation
3  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California 90071-1406
4  Telephone: 213.626.2311
   Facsimile: 213.629.4520
5
   Attorneys for Debtor and Debtor in
6  Possession Toluca Lake Vintage, LLC

7
                   **UNITED STATES BANKRUPTCY COURT**
8
        **CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**
9

10  In re                                    Case No. 1:09-bk-15680-GM

11  TOLUCA LAKE VINTAGE, LLC,                Chapter 11

12             Debtor.                       **DEBTOR'S SECOND AMENDED**
                                             **LIQUIDATING CHAPTER 11 PLAN OF**
13                                           **REORGANIZATION**

14  EIN # 36-4602244                         Disclosure Statement Hearing

15                                           DATE:  October 5, 2010
                                             TIME:  10:00 a.m.
16                                           PLACE: Courtroom 303
                                                     United States Bankruptcy Court
17                                                   21041 Burbank Boulevard
                                                     Woodland Hills, CA 91367-6603
18
                                             Plan Confirmation Hearing
19
                                             DATE:  December 14, 2010
20                                           TIME:  10:00 a.m.
                                             PLACE: Crtrm: 303, Judge Mund
21                                                   United States Bankruptcy Court
                                                     21041 Burbank Boulevard, 3rd Fl.
22                                                   Woodland Hills, CA 91367

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I. INTRODUCTION ............................................................................................................. 2

II. SUMMARY OF THE PLAN OF REORGANIZATION ................................................. 2

    A.    What Creditors and Interest Holders will Receive Under the
            Proposed Plan ................................................................................................. 2

    B.    Unclassified Claims ....................................................................................... 2

          1.    Administrative Expenses ...................................................................... 2

          2.    Court Approval of Fees Required .......................................................... 3

          3.    Priority Tax Claims ............................................................................... 3

    C.    Classified Claims and Interests .................................................................... 4

          1.    Classes of Secured Claims .................................................................. 4

          2.    Classes of Priority Unsecured Claims ................................................ 13

          3.    Classes of General Unsecured Claims ............................................... 14

          4.    Class(es) of Interest Holders ............................................................. 17

    D.    Means of Effectuating the Plan ................................................................... 17

          1.    Funding for the Plan .......................................................................... 17

          2.    Post-Confirmation Management .......................................................... 18

          3.    Disbursing Agent ............................................................................... 18

    E.    Other Provisions of the Plan ....................................................................... 18

          1.    Executory Contracts and Unexpired Leases ...................................... 18

               a.    Assumptions ............................................................................ 18

               b.    Rejections ............................................................................... 18

          2.    Changes in Rates Subject to Regulatory Commission
               Approval ............................................................................................. 19

          3.    Retention of Jurisdiction ..................................................................... 19

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

III. EFFECT OF CONFIRMATION OF PLAN ................................................................. 19

    A.     Discharge.................................................................................................... 19

    B.     Post-Confirmation Status Report ............................................................... 19

    C.     Post-Confirmation Conversion/Dismissal................................................... 20

    D.     Final Decree .............................................................................................. 21

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# I.

# **INTRODUCTION**

Toluca Lake Vintage, LLC (the "Debtor") is the Debtor in this Chapter 11 bankruptcy case.  On May 14, 2009, the Debtor filed a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Code"), 11 U.S.C. §101 et seq.  Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the Court, and which is provided to help you understand the Plan.

This is a plan of reorganization.  In other words, the Proponent seeks to accomplish payments under the Plan by borrowing money, completing entitlement work on its real estate and thereafter either selling or developing its residential real property and paying all claims with the proceeds thereof.  The Effective Date of the proposed Plan is the 11th day after entry of the Confirmation Order, providing no stay pending appeal is obtained.

# II.

# **SUMMARY OF THE PLAN OF REORGANIZATION**

## A.    **What Creditors and Interest Holders will Receive Under the Proposed Plan**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority.  The Plan states whether each class of claims or interests is impaired or unimpaired.  The Plan provides the treatment each class will receive.

## B.    **Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has not placed the following claims in a class.

### 1.    **Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code section 507(a)(2).  The

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  Code requires that all administrative claims be paid on the Effective Date of the Plan,

2  unless a particular claimant agrees to a different treatment.

3      The following chart lists all of the Debtor's anticipated unpaid 507(a)(2)

4  administrative claims for chapter 11 professionals, the Bankruptcy Court clerk's office and

5  the Office of the United States Trustee and their treatment under the Plan:

| NAME | AMOUNT OWED | TREATMENT |
|---|---|---|
| SulmeyerKupetz, APC | $100,000 retainer; Anticipated Total Shall be $250,000 before application of retainer to anticipated total | Paid in full on the Effective Date. |
| FMV Opinions | $10,000 | Paid in full on the Effective Date |
| Clerk of the Bankruptcy Court | $TBD (de minimis) | Paid in full on the Effective Date. |
| Office of the United States Trustee | Current | Paid in full on the Effective Date. |
| | **Total** $160,000 including payment to SulmeyerKupetz | |

15      **2.**    **Court Approval of Fees Required**

16      The Court must rule on all fees listed in this chart before the fees will be

17  owed. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in

18  question must file and serve a properly noticed fee application and the Court must rule on

19  the application.  Only the amount of fees allowed by the Court will be owed and required

20  to be paid under this Plan.

21      **3.**    **Priority Tax Claims**

22      Priority tax claims are certain unsecured income, employment and other

23  taxes described by Code Section 507(a)(8).  The Code requires that each holder of such

24  a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash

25  payments, over a period not exceeding six years from the date of the assessment of such

26  tax.

27      The following chart lists the Debtor's Section 507(a)(8) priority tax claim and

28  its treatment under the Plan:

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

| DESCRIPTION | AMOUNT OWED | TREATMENT |
|---|---|---|
| Internal Revenue Service | $1,400.00 | Paid in full on the Effective Date, or as soon thereafter as practicable. |

## C.    Classified Claims and Interests

### 1.    Classes of Secured Claims[1]

Secured claims are claims secured by liens on property of the estate. The following charts list all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

| CLASS | DESCRIPTION | INSIDERS Y/N | IMPAIRED Y/N | TREATMENT |
|---|---|---|---|---|
| 1 | Secured Claim of: **Accent Drywall Corporation** Collateral Description: Mechanic's Lien on Real Property Collateral Value: $20-$22 Million Priority of Security Interest: Mechanic's Lien junior to Chinatrust Bank Principal Owed: $70,321.49 Pre-Petition Arrearage Amount: $70,321.49 Post-Petition Arrearage Amount: $0 Total Claim Amount: $70,321.49 | No | Yes | Payment Interval: Paid pursuant to Order of Court authorizing Debtor's transaction with CityView LA Urban Fund I, L.P. ("CityView")and Star Development, LLC.("Star") Payment made at or shortly after approval and closing of transaction between Debtor, CityView and Star. Total Payout: $70,321.49 plus interest as stated or as settled and resolved consensually by |

[1] Since the conclusion of the transaction with CityView Woodbridge, it is believed that all of the mechanic's lien claims which are included among the Secured Creditors addressed in the different classes in this Plan have been paid or satisfied.  If that is the case, then votes which come from mechanic's lien claimants whose claims have been satisfied will not be counted in connection with voting on the Plan.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

| CLASS | DESCRIPTION | INSIDERS Y/N | IMPAIRED Y/N | TREATMENT |
|-------|-------------|--------------|--------------|-----------|
| | | | | the parties.<br><br>Treatment of Lien: Unaltered unless reconveyed pursuant to settlement reached with CityView, Debtor and Star. |
| 2 | Secured Claim of:<br><br>**HD Supply Construction**<br><br>Collateral Description: Mechanic's Lien on Real Property<br><br>Collateral Value: $20-$22 Million<br><br>Priority of Security Interest: Mechanic's Lien junior to Chinatrust<br><br>Principal Owed: $44,395.72<br><br>Pre-Petition Arrearage Amount: $44,395.72<br><br>Post-Petition Arrearage Amount: $0<br><br>Total Claim Amount: $44,395.72 | No | Yes | Payment Interval: Paid pursuant to Order of Court authorizing Debtor's transaction with CityView LA Urban Fund I, L.P. ("CityView")and Star Development, LLC.("Star")<br><br>Payment made at or shortly after approval and closing of transaction between Debtor, CityView and Star. Total Payout: $44,395.72 plus interest as stated or as settled and resolved consensually by the parties.<br><br>Treatment of Lien: Unaltered unless reconveyed pursuant to settlement reached with CityView, Debtor and Star. |
| 3 | Secured Claim of:<br><br>**Champion Crane**<br><br>Collateral Description: Mechanic's Lien on Real Property | No | Yes | Payment Interval: Paid pursuant to Order of Court authorizing Debtor's transaction with |

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

| CLASS | DESCRIPTION | INSIDERS Y/N | IMPAIRED Y/N | TREATMENT |
|---|---|---|---|---|
| | Collateral Value: $20-$22 Million<br><br>Priority of Security Interest: Mechanic's Lien junior to Chinatrust<br><br>Principal Owed: $5,581.86<br><br>Pre-Petition Arrearage Amount: $5,581.86<br><br>Post-Petition Arrearage Amount: $0<br><br>Total Claim Amount: $5,581.86 | | | CityView LA Urban Fund I, L.P. ("CityView") and Star Development, LLC.("Star")<br><br>Payment made at or shortly after approval and closing of transaction between Debtor, CityView and Star. Total Payout: $5,581.86 plus interest as stated or as settled and resolved consensually by the parties.<br><br>Treatment of Lien: Unaltered unless reconveyed pursuant to settlement reached with CityView, Debtor and Star. |
| 4 | Secured Claim of:<br><br>**Progressive Insulation & Windows**<br><br>Collateral Description: Mechanic's Lien on Real Property<br><br>Collateral Value: $20-$22 Million<br><br>Priority of Security Interest:<br><br>Principal Owed: $40,970.00<br><br>Pre-Petition Arrearage Amount: $40,970.00<br><br>Post-Petition Arrearage Amount: $0<br><br>Total Claim Amount: | No | Yes | Payment Interval: Paid pursuant to Order of Court authorizing Debtor's transaction with CityView LA Urban Fund I, L.P. ("CityView")and Star Development, LLC.("Star")<br><br>Payment made at or shortly after approval and closing of transaction between Debtor, CityView and Star. Total Payout: $40,070.00 plus |

| CLASS | DESCRIPTION | INSIDERS Y/N | IMPAIRED Y/N | TREATMENT |
|---|---|---|---|---|
| | $40,970.00 | | | interest as stated or as settled and resolved consensually by the parties.<br><br>Treatment of Lien: Unaltered unless reconveyed pursuant to settlement reached with CityView, Debtor and Star. |
| 5 | (Scheduled) Secured Claim of:<br><br>**Chinatrust Bank**<br><br>Collateral Description:<br>Real Property<br><br>Collateral Value:<br>$20-$22 Million<br>Priority of Security Interest: First lien (Disputed)<br><br>Principal Owed:<br>$14,000,000, Disputed[2]<br><br>Pre-Petition Arrearage Amount:<br>$0<br><br>Post-Petition Arrearage Amount:<br>$0<br><br>Total Claim Amount:<br>$14,000,000, Disputed[3] | No | Yes | Chinatrust shall be paid at a discount compared with the total amount of their claim pursuant to a settlement agreement reached between the Debtor and Chinatrust which settlement agreement was later modified under the agreement between CityView, Star and the Debtor which was approved by this Court and which closed resulting in payment to the Bank. Treatment of Lien: Treated subject to agreement reached between |

[2] Debtor believes that the net sum owed to Chinatrust is $12,000,000 as the $14,000,000 claimed by Chinatrust includes approximately $2,000,000 of undisbursed funds from its construction loan to the Debtor. Alternatively, these funds being held by Chinatrust are subject to a stop notice from mechanic's lien holders who are creditors of the Debtor.

[3] See footnote 1, above.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

| CLASS | DESCRIPTION | INSIDERS Y/N | IMPAIRED Y/N | TREATMENT |
|-------|-------------|--------------|--------------|-----------|
| | | | | CityView, the Debtor and Star which was approved by and had the participation of Chinatrust |
| 6 | (Scheduled) Secured Claim of:<br><br>**Herbert Frey, Trustee**<br><br>Collateral Description:<br>Junior Trust Deed on Real Property<br><br>Collateral Value:<br>$20-$22 Million<br>Priority of Security Interest: Deed of Trust junior to Chinatrust deed of trust<br><br>Principal Owed:<br>$6,000,000<br><br>Pre-Petition Arrearage Amount:<br>$6,000,000<br><br>Post-Petition Arrearage Amount:<br>$0<br><br>Total Claim Amount:<br>$6,000,000 | Yes | Yes | Consented to transaction between CityView, Star and the Debtor resulting in reconveyance of Trust Deed on the project. Treatment of Lien: Creditor is impaired as a result of CityView, Debtor and Star transaction. |
| 7 | (Scheduled) Secured Claim of:<br><br>**ED-Electric Company**<br><br>Collateral Description:<br>Mechanic's Lien on Real Property<br><br>Collateral Value:<br>$20-$22 Million<br>Priority of Security Interest:<br>Mechanic's Lien junior to Chinatrust deed of trust<br><br>Principal Owed:<br>$638,999.59 | No | Yes | Payment Interval: Paid pursuant to Order of Court authorizing Debtor's transaction with CityView LA Urban Fund I, L.P. ("CityView")and Star Development, LLC.("Star")<br><br>Payment made at or shortly after approval and |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

| CLASS | DESCRIPTION | INSIDERS Y/N | IMPAIRED Y/N | TREATMENT |
|-------|-------------|--------------|--------------|-----------|
| | Pre-Petition Arrearage Amount: $638,999.59<br><br>Post-Petition Arrearage Amount: $0<br><br>Total Claim Amount: $638,999.59 | | | closing of transaction between Debtor, CityView and Star. Total Payout: $638,999.59 plus interest as stated or as settled and resolved consensually by the parties.<br><br>Treatment of Lien: Unaltered unless reconveyed pursuant to settlement reached with CityView, Debtor and Star. |
| 8 | (Scheduled) Secured Claim of:<br><br>**Pozzi Hill, Inc.**<br><br>Collateral Description: Mechanic's Lien on Real Property<br><br>Collateral Value: $20-$22 Million<br><br>Priority of Security Interest: Mechanic's Lien junior to Chinatrust deed of trust<br><br>Principal Owed: $58,510.90<br><br>Pre-Petition Arrearage Amount: $58,510.90<br><br>Post-Petition Arrearage Amount: $0<br><br>Total Claim Amount: $58,510.90 | | | Payment Interval: Paid pursuant to Order of Court authorizing Debtor's transaction with CityView LA Urban Fund I, L.P. ("CityView")and Star Development, LLC.("Star")<br><br>Payment made at or shortly after approval and closing of transaction between Debtor, CityView and Star. Total Payout: $58,510.90 plus interest as stated or as settled and resolved consensually by the parties.<br><br>Treatment of Lien: Unaltered unless reconveyed pursuant to |

| CLASS | DESCRIPTION | INSIDERS Y/N | IMPAIRED Y/N | TREATMENT |
|---|---|---|---|---|
| | | | | settlement reached with CityView, Debtor and Star. |
| 9 | (Scheduled) Secured Claim of:<br><br>**Stock Building Supply**<br><br>Collateral Description:<br>Mechanic's Lien on Real Property<br><br>Collateral Value:<br>$20-$22 Million<br>Priority of Security Interest:<br>Mechanic's Lien junior to Chinatrust deed of trust<br><br>Principal Owed:<br>$113,199.70<br><br>Pre-Petition Arrearage Amount:<br>$113,199.70<br><br>Post-Petition Arrearage Amount:<br>$0<br><br>Total Claim Amount:<br>$113,199.70 | | | Payment Interval: Paid pursuant to Order of Court authorizing Debtor's transaction with CityView LA Urban Fund I, L.P. ("CityView")and Star Development, LLC.("Star")<br><br>Payment made at or shortly after approval and closing of transaction between Debtor, CityView and Star. Total Payout: $113,199.70 plus interest as stated or as settled and resolved consensually by the parties.<br><br>Treatment of Lien: Unaltered unless reconveyed pursuant to settlement reached with CityView, Debtor and Star. |
| 10 | (Scheduled) Secured Claim of:<br><br>**Taylor D Plumbing**<br><br>Collateral Description:<br>Mechanic's Lien on Real Property<br><br>Collateral Value:<br>$20-$22 Million<br>Priority of Security Interest:<br>Mechanic's Lien junior to Chinatrust | No | Yes | Payment Interval: Paid pursuant to Order of Court authorizing Debtor's transaction with CityView LA Urban Fund I, L.P. ("CityView")and Star Development, LLC.("Star") |

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

| CLASS | DESCRIPTION | INSIDERS Y/N | IMPAIRED Y/N | TREATMENT |
|---|---|---|---|---|
| | deed of trust<br><br>Principal Owed:<br>$129,272.70<br><br>Pre-Petition Arrearage Amount:<br>$129,272.70<br><br>Post-Petition Arrearage Amount:<br>$0<br><br>Total Claim Amount:<br>$129,272.70 | | | Payment made at or shortly after approval and closing of transaction between Debtor, CityView and Star. Total Payout: $129,272.70 plus interest as stated or as settled and resolved consensually by the parties.<br><br>Treatment of Lien: Unaltered unless reconveyed pursuant to settlement reached with CityView, Debtor and Star. |
| 11 | (Scheduled) Secured Claim of:<br><br>**Vintage Plastering**<br><br>Collateral Description:<br>Mechanic's Lien on Real Property<br><br>Collateral Value:<br>$20-$22 Million<br>Priority of Security Interest:<br>Mechanic's Lien junior to Chinatrust deed of trust<br><br>Principal Owed:<br>$103,893.30<br><br>Pre-Petition Arrearage Amount:<br>$103,893.30<br><br>Post-Petition Arrearage Amount:<br>$0<br><br>Total Claim Amount:<br>$103,893.30 | No | Yes | Payment Interval: Paid pursuant to Order of Court authorizing Debtor's transaction with CityView LA Urban Fund I, L.P. ("CityView")and Star Development, LLC.("Star")<br><br>Payment made at or shortly after approval and closing of transaction between Debtor, CityView and Star. Total Payout: $103,893.30 plus interest as stated or as settled and resolved consensually by the parties. |

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

| CLASS | DESCRIPTION | INSIDERS Y/N | IMPAIRED Y/N | TREATMENT |
|---|---|---|---|---|
| | | | | Treatment of Lien: Unaltered unless reconveyed pursuant to settlement reached with CityView, Debtor and Star. |
| 12 | (Scheduled) Secured Claim of:<br><br>Ahern Rentals, Inc.<br><br>Collateral Description:<br>Mechanic's Lien on Real Property<br><br>Collateral Value:<br>$20-$22 Million<br><br>Priority of Security Interest:<br>Mechanic's Lien junior to Chinatrust deed of trust<br><br>Principal Owed:<br>$11,771.88<br><br>Pre-Petition Arrearage Amount:<br>$11,771.88<br><br>Post-Petition Arrearage Amount:<br>$0<br><br>Total Claim Amount:<br>$11,771.88 | No | Yes | Payment Interval: Paid pursuant to Order of Court authorizing Debtor's transaction with CityView LA Urban Fund I, L.P. ("CityView")and Star Development, LLC.("Star")<br><br>Payment made at or shortly after approval and closing of transaction between Debtor, CityView and Star. Total Payout: $11,771.88 plus interest as stated or as settled and resolved consensually by the parties.<br><br>Treatment of Lien: Unaltered unless reconveyed pursuant to settlement reached with CityView, Debtor and Star. |
| 13 | (Scheduled) Secured Claim of:<br><br>**IM Air Conditioning**<br><br>Collateral Description:<br>Mechanic's Lien on Real Property | No | Yes | Payment Interval: Paid pursuant to Order of Court authorizing Debtor's transaction with CityView LA Urban |

| CLASS | DESCRIPTION | INSIDERS Y/N | IMPAIRED Y/N | TREATMENT |
|---|---|---|---|---|
| | Collateral Value: $20-$22 Million<br><br>Priority of Security Interest: Mechanic's Lien junior to Chinatrust deed of trust<br><br>Principal Owed: $178,056.00<br><br>Pre-Petition Arrearage Amount: $178,056.00<br>Post-Petition Arrearage Amount: $0<br><br>Total Claim Amount: $178,056.00 | | | Fund I, L.P. ("CityView")and Star Development, LLC.("Star")<br><br>Payment made at or shortly after approval and closing of transaction between Debtor, CityView and Star. Total Payout: $178,056.00 plus interest as stated or as settled and resolved consensually by the parties.<br><br>Treatment of Lien: Unaltered unless reconveyed pursuant to settlement reached with CityView, Debtor and Star. |

### 2.    Classes of Priority Unsecured Claims

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.  Although the Debtor did not schedule any priority claims, the Internal Revenue Service has filed a claim in the amount of $1,400.00 and such claim will be paid in full on the Effective Date.

### 3.    Classes of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). The following chart identifies this Plan's treatment of the classes containing all of Debtor's general unsecured claims:

| Class | Identity of Claimant | Nature of Claim | Amount | Treatment of All Claims |
|---|---|---|---|---|
| 14 | 911 Restoration | Trade | $685.00 | Attached here as Exhibit "1" is a true and correct copy of the "Advisory Services and Revenue Share Agreement" between CityView Woodbridge 45 LLC, a Delaware Limited Liability Company ("CityView Woodbridge") and Star. Under this Agreement," ("Advisory Agreement") Star on behalf of itself and on behalf of the Bankruptcy Estate, agreed upon certain compensation which the Bankruptcy Estate shall receive from the project as a result of CityView Woodbridge's acquisition of the construction loan made respecting the project from Chinatrust. That compensation is described beginning on page 2 through the top of page 3 of the Advisory Agreement. In regard to the compensation described in the Advisory Agreement, all compensation provided to Star for future services after the date of Bankruptcy Court approval of the motion shall be paid to Star. However, all compensation or payment described in subparagraph B2 entitled "Share in profits." The Advisory Agreement says that the "Consultant" who in this subparagraph shall be the Debtor, will receive 25% of the profits from the project which shall |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

| Class | Identity of Claimant | Nature of Claim | Amount | Treatment of All Claims |
|---|---|---|---|---|
| | | | | be paid after CityView Woodbridge receives a return that is the greater of a 30% internal rate of return on its investment in the project or 1.60x the Equity Multiple, as defined in the Advisory Agreement.. |
| | | | | Total Payout: Unknown |
| | | | | based upon formula provided in Advisory Services Agreement. |
| | A Plus Inspection | Trade | $2,200.00 | |
| | A-1 Inspections | Trade | Notice Only | |
| | Bodnia | Trade | $0.00 | |
| | Buchanan Co., Inc. | Trade | $1,436.12 | |
| | Builders Showcase Interiors | Trade | $32,631.00 | |
| | C & S Holdings | Trade Debt | $291,064.72 | |
| | Calcrete Construction, Inc. | Trade | $3,075.00 | |
| | Cefall & Associates, Inc. | Trade | Unknown | |
| | Cell-Crete Corp | Trade | $21,597.30 | |
| | City of Los Angeles Municipal Services | Trade | $1,293.39 | |
| | City of Los Angeles/IED | Trade | $25,580.18 | |
| | Color Concepts | Trade | $17,173.80 | |
| | Dain Ellsworth | Notice Only | N/A | |
| | Dexcote | Notice Only | N/A | |
| | Dragon Steel | Trade | $25,592.00 | |
| | EH Excavation | Notice Only | N/A | |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

| Class | Identity of Claimant | Nature of Claim | Amount | Treatment of All Claims |
|---|---|---|---|---|
| | Essential Investments | Trade | $500,000.00 | |
| | Fireside Hearth & Home | Trade | $13,873.50 | |
| | G&F Construction | Trade | $82,890.00 | |
| | G&H Fire Protection | Trade | $23,000.00 | |
| | Geotechnologies, Inc. | Trade | $108.00 | |
| | Grandview Glass & Mirror | Trade | $1,674.00 | |
| | Herbert Frey, Trustee | Loan | $220,000.00 | |
| | IM Air Conditioning | Trade | $178,056.00 | |
| | JCI Engineering Services | Trade | $1,425.00 | |
| | Mario Bodnia | Trade | $750.00 | |
| | Modern Roofing | Trade | $10,800.00 | |
| | Natare Corporation | Trade | $14,620,000 | |
| | Office of Finance | Trade | $229.26 | |
| | Pirate Staffing | Trade | $11,436.15 | |
| | QES, Inc. | Trade | $175.000 | |
| | RGW Design Group, Inc. | Trade | $1,716.00 | |
| | Rocket Construction | Trade | $155,006.82 | |
| | S&S Rent A Fence, Inc. | Trade | $3,039.35 | |
| | Sierra Land Technologies | Trade | $550.00 | |
| | Solargy, Inc. | Trade | $1,000.00 | |
| | Southwest Specialties, Inc. | Trade | $19,750.00 | |
| | The Gilmore Company | Trade | $60,000.00 | |
| | Thyssenkrupp Elevator Corp. | Trade | $28,849.95 | |
| | Universal Iron Works | Trade | $21,420.00 | |
| | Waste Solutions, Inc. | Trade | $4,702.00 | |

| Class | Identity of Claimant | Nature of Claim | Amount | Treatment of All Claims |
|-------|---------------------|-----------------|--------|------------------------|
|  | Wholesale Door & Window | Trade | $57,500.00 | |
|  | Zitting Bothers Construction | Trade | $499,469.39 | |
|  | **TOTAL $2,334,369** | | | |

#### 4.    Class(es) of Interest Holders

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor.  If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders.  If the Debtor is a partnership, the interest holders include both general and limited partners.  If the Debtor is an individual, the Debtor is the interest holder.  The following chart identifies the Plan's treatment of the class of interest holders:

| Identity of Interest Holder | Percentage of Interest Held |
|-----------------------------|-----------------------------|
| C&S Holdings, LLC | 65.1% |
| Essential Investments | 7% |
| Rocket Construction | 27.9% |

| Class | Description | Insiders Y/N | Impaired Y/N | Treatment |
|-------|-------------|--------------|--------------|-----------|
| 15 | Members of Debtor's LLC | Yes | Yes | Payment Interval: All proceeds remaining after payment of secured claims, mechanic's lien claims, and unsecured claims |

### D.    Means of Effectuating the Plan

#### 1.    Funding for the Plan

The Plan will be funded by the following and will be implemented pursuant to the following steps:

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    (a)    The Plan will be funded by the following and will be implemented

2    pursuant to the terms and conditions of the Advisory Services Agreement between Star,

3    and CityView Woodbridge. The calculation will be based upon the amounts invested by

4    CityView Woodbridge in the project in order to complete construction and pay for other

5    cost items attendant to the project and the revenues realized from the project which will

6    be earned based upon the sale prices obtained for the condominium units once their

7    construction has been completed.

8    (b)    The Court will retain jurisdiction over the postconfirmation estate until

9    such estate is fully administered and a final decree is entered.

10    **2.    Post-Confirmation Management**

11    There will not be any postconfirmation management as this is a liquidating

12    plan and the project's future development will be supervised and paid for by CityView

13    Woodbridge.

14    **3.    Disbursing Agent**

15    The Debtor shall act as the disbursing agent for the purpose of making all

16    distributions provided for under the Plan. The disbursing agent shall serve without bond

17    and shall receive no additional compensation for distribution services rendered pursuant

18    to the Plan.

19    **E.    Other Provisions of the Plan**

20    **1.    Executory Contracts and Unexpired Leases**

21    **a.    Assumptions**

22    There are no unexpired leases or executory contracts to be

23    assumed. To the extent any such contracts or leases exist, these contracts be rejected

24    under the confirmed Plan Rejections

25    There are no unexpired leases or executory contracts to be rejected.

26    **b.    Rejections**

27    There are no unexpired leases or executory contracts to be rejected.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1

2. **Changes in Rates Subject to Regulatory Commission Approval**

2       This Debtor is not subject to governmental regulatory commission approval

3  of its rates.

4

3. **Retention of Jurisdiction**

5       The Court will retain jurisdiction to the extent provided by law.

6

III.

7

**EFFECT OF CONFIRMATION OF PLAN**

8  **A.**   **Discharge**

9       This Plan provides that the Debtor shall be discharged of liability for payment of

10  debts incurred before confirmation of the Plan, as specified in 11 U.S.C. § 1141.

11  However, the terms of the Plan will bind all creditors and parties in interest to the

12  provisions thereof.

13       Revesting of Property in the Debtor Except as provided elsewhere in the Plan, the

14  confirmation of the Plan revests all of the property of the estate in the Debtor.  However,

15  this is a Liquidating Plan and the Debtor's transaction with CityView Woodbridge which

16  has already been approved and closed, means that there is no property left in the Debtor

17  to revest following Plan confirmation.

18       The Proponent of the Plan may also seek to modify the Plan at any time after

19  confirmation only if (1) the Plan has not been substantially consummated and (2) the

20  Court authorizes the proposed modifications after notice and a hearing.

21  **B.**   **Post-Confirmation Status Report**

22       Within 120 days of the entry of the order confirming the Plan, Plan Proponent shall

23  file a status report with the Court explaining what progress has been made toward

24  consummation of the confirmed Plan.  The status report shall be served on the United

25  States Trustee, the twenty largest unsecured creditors, and those parties who have

26  requested special notice. Further status reports shall be filed every 120 days and served

27  on the same entities.

28

1       The reorganized debtor's post-confirmation status reports shall reflect all income

2   and disbursements for each quarter or portion thereof while the case remains open, and

3   the reorganized debtor shall timely pay U.S. Trustee Quarterly Fees pursuant to 28

4   U.S.C. § 1930(a)(6).

5   **C.**     **Post-Confirmation Conversion/Dismissal**

6       A creditor or party in interest may bring a motion to convert or dismiss the case

7   under 11 U.S.C. §1112(b), after the Plan is confirmed, if there is a default in performing

8   the Plan.  If the Court orders, the case converted to Chapter 7 after the Plan is confirmed,

9   then all property that had been property of the Chapter 11 estate, and that has not been

10  disbursed pursuant to the Plan, will revest in the Chapter 7 estate.  The automatic stay

11  will be reimposed upon the revested property, but only to the extent that relief from stay

12  was not previously authorized by the Court.

13      The order confirming the Plan may also be revoked under very limited

14  circumstances. The Court may revoke the order if the order of confirmation was procured

15  by fraud and if the party in interest brings an adversary proceeding to revoke confirmation

16  within 180 days after the entry of the order of confirmation.

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

D.    **Final Decree**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Debtor, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Date:  November 19, 2010

**Toluca Lake Vintage, LLC**
Debtor and Debtor in Possession


By:____/s/Wayne Krygier_____
        Wayne Krygier

PREPARED BY:

**Sulmeyer**Kupetz
A Professional Corporation



By:   _/s/Victor A. Sahn_____
            Victor A. Sahn
Attorneys for Debtor and Debtor in Possession
Toluca Lake Vintage, LLC

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 · FAX 213.629.4520

VSAHN\ 528299.7